IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EUGENE R. MERRIMAN<br><br>Plaintiff,<br><br>vs.<br><br>MIMEDX GROUP, INC., PARKER H. PETIT, and WILLIAM C. TAYLOR,<br><br>Defendants. | CIVIL ACTION NO:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

1. This action is brought by Plaintiff Eugene R. Merriman against MiMedx Group, Inc. (hereinafter "MiMedx"), its former Chief Executive Officer ("CEO") and Chairman of the Board Parker H. Petit, and its former President, Chief Operating Officer ("COO") and Board Member William C. Taylor (collectively "Defendants").

2. MiMedx admitted in a news release issued on May 23, 2019 that it recorded over 2,750 hours of secret video of its employees and recorded their telephone communications. A copy of the May 23 news release is attached hereto as Exhibit "1."

3. Plaintiff Merriman is married to a former MiMedx employee who worked for MiMedx when Defendants captured secret video of employees and recorded their telephone communications.

4. Upon information and belief, Plaintiff Merriman's private oral communications with his wife, via telephone and in-person, were intercepted and disclosed by Defendants via secret video and telephone wiretap in violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and Georgia law.

## Jurisdiction and Venue

5. This lawsuit is brought under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq*. This action also seeks damages for pendant state court tort claims under the Georgia Wiretap Act, O.C.G.A. § 16-11-62, and for invasion of privacy.

6. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because all Defendants reside in this District, and a substantial part of the events giving rise to the claims in this action occurred in this District.

## Parties

8. Plaintiff Merriman was married to former MiMedx employee Nancy Merriman for all times relevant to this lawsuit. Plaintiff Merriman resides in Fulton County, Georgia.

9. Defendant MiMedx is a Florida corporation with its principal place of business at 1775 West Oak Commons Court, Marietta, Georgia, 30062, and a satellite office

located at 1828 West Oak Parkway, Marietta, Georgia, 30062. MiMedx is a biopharmaceutical company that develops, manufactures, and markets regenerative biomaterial products processed from human placental tissue, skin, and bone.

10. Defendant Petit was a MiMedx director from September 2009 to September 2018, Chairman of the Board and CEO from February 2009 to June 2018, and President from February 2009 to September 2009. Upon information and belief, Defendant Petit's employment with MiMedx ended on or around July, 2018. Defendant Petit resides at 1650 Cox Road, Roswell, Georgia 30075.

11. Defendant Taylor was MiMedx's COO and President from September 2009 to June 2018 and a director from October 2011 to June 2018. Upon information and belief, Defendant Taylor's employment with MiMedx ended on or around July, 2018. Defendant Taylor resides at 400 Layfette Close, Roswell, Georgia 30075 and/or 305 Boundary Place, Roswell, Georgia 30075.

## Factual Allegations

12. Plaintiff's wife, Nancy Merriman, worked for MiMedx beginning on or around April, 2014 at its principal office located at 1775 West Oak Commons Court, Marietta, Georgia, 30062.

13. Nancy Merriman was promoted to Director of Customer Service on or around August, 2016.

3

14. On or around June 1, 2016, the customer service department in which Nancy Merriman worked, along with related departments, moved to a satellite office located at 1828 West Oak Parkway, Marietta, Georgia, 30062.

15. Nancy Merriman worked at 1828 West Oak Parkway from on or around June 1, 2016 until she was laid-off in December, 2018.

16. Nancy Merriman's job duties as Director of Customer Service involved interfacing with MiMedx's sales representatives, in addition to responsibilities dealing with customers.

17. On or around February 20, 2018, the Audit Committee of the Board of Directors of MiMedx retained King & Spalding LLP as counsel to assist the Audit Committee in conducting an investigation into matters relating to, among other things, allegations regarding certain sales and distribution practices at MiMedx (hereinafter the "Investigation").

18. King & Spalding retained KPMG LLP to assist with the Investigation, which focused primarily on five key areas: MiMedx's revenue recognition practices, revenue management activities, actions taken against whistleblowers, tone set by former senior management, and Anti- Kickback Statute and related allegations.

19. The investigators reviewed over 2,750 hours of video derived from a secret video surveillance system installed at the direction of Defendant Petit, as well as telephonic recordings captured of MiMedx employees.

20. The Investigation uncovered evidence of material wrongdoing on the part of MiMedx's senior management team.

21. Among the wrongdoing uncovered by the Investigation was conduct that appears to have been designed to manipulate timing and recognition of revenue, including instances of shipping types and volumes of product not needed by the customer and recording revenue, and facilitating such sales through "side deals" that changed payment terms or permitted returns and exchanges in subsequent accounting periods.

22. The Investigation also uncovered that Defendant Petit and Defendant Taylor engaged in a pattern of taking action against employees who raised concerns about MiMedx's practices. Defendant Petit directed an internal investigation dubbed "Project Snow White" that sought to uncover wrongdoing committed by employees. As part of this, a secret video surveillance system was installed to record interviews and employee discussions without their knowledge or consent.

23. Nancy Merriman worked as Director of Customer Service for MiMedx when Defendants conducted secret video surveillance and telephone recordings of MiMedx employees.

24. As Director of Customer Service, Nancy Merriman interfaced with MiMedx employees in her office and via her work telephone(s), and such employees were or may have been engaged in the improper sales practices identified by the Investigation and/or raised concerns about MiMedx's practices.

25. Upon information and belief, Nancy Merriman's office located at 1828 West Oak Parkway was subject to secret video surveillance, her work telephone(s) were subject to secret audio surveillance, and her oral communications were intercepted and disclosed by Defendants.

26. Defendant Petit directed "Project Snow White" and intercepted employees' oral communications at MiMedx's principal and satellite offices using an electronic, mechanical, or other device while he was employed as an officer of Defendant MiMedx.

27. Upon information and belief, Defendant Taylor directed "Project Snow White" and intercepted employees' oral communications at MiMedx's principal and satellite offices using an electronic, mechanical, or other device while he was employed as an officer of Defendant MiMedx.

28. Nancy Merriman was employed by MiMedx during the pendency of "Project Snow White."

29. Plaintiff Merriman had oral communications with Nancy Merriman over Nancy Merriman's work telephone(s) during the pendency of "Project Snow White."

30. Plaintiff Merriman had oral communications with Nancy Merriman over her work telephone(s) when Nancy Merriman's work telephone communications were intercepted by Defendants using an electronic, mechanical, or other device.

31. Plaintiff Merriman reasonably expected that his oral communications with Nancy Merriman over her work telephone(s) were private and would not be intercepted.

32. Plaintiff Merriman did not know, and had no reason to know, that his oral communications with Nancy Merriman would be intercepted or disclosed.

33. Plaintiff Merriman did not, and upon information and belief Nancy Merriman did not, consent to the interception or disclosure of their oral communications.

34. Plaintiff Merriman met privately with Nancy Merriman in her office where they held oral communications during the pendency of "Project Snow White."

35. Plaintiff Merriman met privately with Nancy Merriman in her office where they held oral communications when Nancy Merriman's office was subject to secret video surveillance by Defendants via an electronic, mechanical, or other device.

36. Plaintiff Merriman reasonably expected that his meetings and oral communications with Nancy Merriman in her office at MiMedx were private and not overheard, observed, recorded, disclosed, and/or transmitted.

37. Plaintiff Merriman did not know, and had no reason to know, that his meetings and oral communications with Nancy Merriman in her office at MiMedx would be overheard, observed, recorded, disclosed, and/or transmitted.

38. Plaintiff Merriman did not, and upon information and belief Nancy Merriman did not, consent to the recording of their meetings or oral communications in Nancy Merriman's office at MiMedx.

39. On May 24, 2019, the Atlanta Journal-Constitution published an article related to the Investigation titled "Marietta company's former CEO had whistleblowers targeted, report says."[1]

---

[1] https://www.ajc.com/news/local/marietta-company-former-ceo-had-whistleblowers-targeted-report-says/CUfTY1x9yuv2GQgEM2UfLP/

40. Plaintiff's first reasonable opportunity to discover Defendants violations of 18 U.S.C. § 2510 *et seq.* occurred on May 23, 2019, when MiMedx issued the news release.

**Count I – Violations of the Federal Wiretap Act - 18 U.S.C. § 2510 *et seq*.**

41. The allegations set forth in paragraphs 1-40 are incorporated herein by reference.

42. 18 U.S.C. § 2520 provides that any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of 18 U.S.C. § 2510 *et seq.* may in a civil action recover from the person or entity, which engaged in that violation such relief as may be appropriate.

43. Defendants, acting intentionally and in concert, used an electronic, mechanical, or other device to intercept Plaintiff's oral communications in violation of 18 U.S.C. § 2510 *et seq*.

44. Defendants, acting intentionally and in concert, intentionally disclosed to other persons the contents of Plaintiff's illegally intercepted oral communications, knowing or having reason to know that the information was obtained through the interception of an oral communication in violation of 18 U.S.C. § 2510 *et seq*.

45. Defendants' conduct in violation of 18 U.S.C. § 2510 *et seq.* was wanton, reckless and/or malicious.

## **Count II – Violations of the Georgia Wiretap Act – O.C.G.A. § 16-11-62**

46. The allegations set forth in paragraphs 1-45 are incorporated herein by reference.

47. O.C.G.A. § 16-11-62(1) provides that it shall be unlawful for any person in a clandestine manner intentionally to overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place.

48. O.C.G.A. § 16-11-62(2) provides that it shall be unlawful for any person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view.

49. Plaintiff's private telephone and in-person oral communications and conversations with Nancy Merriman were intentionally overheard, transmitted, observed, and/or recorded by Defendants in a clandestine manner.

## **Count III – Invasion of Privacy**

50. The allegations set forth in paragraph 1-49 are incorporated herein by reference.

51. Defendants, acting intentionally and in concert, unreasonably intruded into Plaintiff's private affairs in violation of Georgia common law.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. Statutory damages, pursuant to 18 U.S.C. § 2520(c)(2)(B);

2. Punitive damages, pursuant to 18 U.S.C. § 2520(b)(2);

3. A reasonable attorney's fee and other litigation costs reasonably incurred, pursuant to 18 U.S.C. § 2520(b)(3);

4. General damages for Counts II and III;

5. Such other relief as the Court and/or a jury deems just and proper.

Respectfully submitted, this 15th day of July, 2019.

By: s/ Michael B. Schoenfeld
Georgia Bar No. 863727
James D. Fagan, Jr.
Georgia Bar No. 253950
Stanford Fagan LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315
(404) 622-0521, ext. 2244
michaels@sfglawyers.com
jfagan@sfglawyers.com